UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OUMIE M. BITTAYE,

                Plaintiff,

-against-

U.S. DEPART. OF JUSTICE; DHS; U.S.C.I.S.,

                Defendants.

18-CV-10553 (LLS)

TRANSFER ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff has submitted this complaint seeking review of an October 30, 2018 order denying his motion to reopen his removal proceedings. The Court transfers this action to the United States Court of Appeals for the Second Circuit for the reasons set forth below.

## BACKGROUND

The following facts are taken from the complaint: in 2002, Plaintiff, a Gambian national, lawfully entered the United States and applied for asylum. In the same year, immigration authorities issued a deportation order. Despite this order, Plaintiff remained in the United States.

In 2016, when Plaintiff was eligible to "reapply" for adjustment of his status, his U.S. citizen son filed an I-485 Application to Adjust Status, which is still pending. (Compl. at 5.) Also in 2016, Plaintiff's then-lawyer filed a request to reopen Plaintiff's removal proceedings and asked the government to join in the motion, pursuant to a policy of the Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE) regarding prosecutorial discretion.[1]

---

[1] On June 17, 2011, ICE issued a memorandum explaining that prosecutorial discretion should include cases where ICE would "respond[ ] to or join[ ] in a motion to reopen removal proceedings and to consider joining in a motion to grant relief or a benefit." U.S. I.C.E., Policy No. 10075.1, Memorandum from Director John Morton, June 17, 2011, https://bit.ly/2iJRcQ2.

On May 20, 2017, the Department of Homeland Security approved Plaintiff's Petition for Alien Relative ("Form I-130").

According to public records, on October 30, 2018, the Board of Appeals (BIA) denied Plaintiff's motion to reopen. According to the United States Court of Appeals for the Second Circuit's electronic filing system, Plaintiff did not file a petition for review of the BIA's October 30, 2018 decision.

Plaintiff filed this action on November 13, 2018.

## DISCUSSION

On May 11, 2005, the REAL ID Act of 2005 ("REAL ID Act" or "Act") was enacted. Under the REAL ID Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this [Act]." 8 U.S.C. § 1252(a)(5). Similarly, district courts do not have jurisdiction to review BIA decisions denying motions to reopen removal proceedings. *See, e.g.*, *Sai Ping Chen v. Mukasey*, 257 F. App'x 437, 438 (2d Cir. 2007) (holding that "the district court properly concluded that it had no jurisdiction to review [the] habeas petition requesting that the court vacate and reverse the BIA's . . . 2003 decision denying her motion to reopen"). But courts of appeals do have jurisdiction to review such decisions. *Kucana v. Holder*, 558 U.S. 233, 252-53 (2010) (holding that "[a]ction on motions to reopen . . . remain subject to judicial review").

Generally, a motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). But "[a]mong matters excepted from the 90-day limitation are motions to reopen asylum applications because of changed conditions in the country of nationality or removal." *Kucana*, 558 U.S. at 238 (citing § 1229a(c)(7)(C)(ii)).

Plaintiff seeks review of the BIA's decision denying his motion to reopen his removal proceedings that he asserts involved an asylum application. Because this Court lacks jurisdiction to consider Plaintiff's challenge to the BIA's order denying his motion to reopen, Plaintiff must file this petition in the United States Court of Appeals for the Second Circuit. *See* 8 U.S.C. § 1252(a)(5), (b)(2).

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. In the interest of justice, this action is transferred to the United States Court of Appeals for the Second Circuit. *See* 8 U.S.C. § 1252(b)(1), (2); 28 U.S.C. § 1631.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 21, 2019
New York, New York

                                                        *Louis L. Stanton*
                                                          Louis L. Stanton
                                                               U.S.D.J.